**JS - 6**

cc: order, docket, remand letter
to San Luis Obisbpo Superior Court
Case No. CV 120336

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 12-06083 SJO (VBKx) | **DATE:** October 4, 2012 |

**TITLE:** Silverado Stages, Inc. v. Prevost Car US, Inc.

================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                                          Not Present

================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO SAN LUIS OBISPO COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Prevost Car US, Inc.'s ("Defendant") Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1441(b) ("Notice"), filed on July 13, 2012. For the following reasons, the Court **REMANDS** this action to the San Luis Obispo Superior Court.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Silverado Stages, Inc. ("Plaintiff"), a bus transportation company, is a California corporation conducting business in the State of California. (Notice Ex. A. ¶¶ 1, 7, ECF No.1) Defendant, a manufacturer and distributor of buses, is a Delaware corporation and has its principal place of business in New Jersey. (Notice ¶ 5; see Compl. ¶¶ 7-25.)

On June 5, 2012, Plaintiff filed a Complaint ("Complaint") in San Luis Obispo Superior Court. (Notice ¶ 1.) Plaintiff states that it purchased three buses from Defendant for a total of $1,305,000. (Compl. ¶ 7.) Since the purchase, Plaintiff alleges that all three buses continuously fail, rending them inoperable. (Compl. ¶ 7.) Problems include (1) improper spacing of seats, limiting passenger accommodation; (2) mechanical issues with handicap lifts; (3) defective brake sensors, causing brakes to be errantly applied; (4) defective door sensors, setting off false alarms; (5) structural instability of the buses; and (6) stress cracks in the windshield. (Compl. ¶ 7.) Plaintiff alleges that these problems have rendered the vehicles "unusable." (Compl. ¶ 7.) Plaintiff further alleges that, despite Defendant's efforts to remedy these issues, Defendant has been unable, or unwilling, to bring the buses to an operable standard. (Compl. ¶ 7.)

Plaintiff alleges eight state law causes of action in the Complaint: (1) general negligence; (2) defect in design, manufacture, and assembly; (3) breach of express warranty; (4) breach of implied warranty for merchantability; (5) breach of implied warranty for fitness for a particular

Case 2:12-cv-06083-SJO-VBK Document 9 Filed 10/04/12 Page 2 of 3 Page ID #:56

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 12-06083 SJO (VBKx)    DATE: October 4, 2012

purpose; (6) intentional misrepresentation; (7) negligent misrepresentation; and (8) fraud by concealment. (Compl.) Plaintiff seeks to enjoin and recover economic, compensatory, liquid, and punitive damages from Defendant but does not specify an amount. (Compl.) On July 13, 2012, Defendant removed this action to the Central District of California pursuant to Title 28 U.S.C. §§ 1332, 1441(a)-(b). (Notice ¶¶ 2, 3.)

II.     DISCUSSION

    A.     *Sua Sponte* Subject Matter Jurisdiction Consideration

The Court raises the issue of subject matter jurisdiction *sua sponte*. The Ninth Circuit has affirmed that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). As such, the Court finds it appropriate to determine whether jurisdiction exists.

    B.     Legal Standard for Proper Removal

Two traditional bases for federal subject matter jurisdiction exist: (1) federal question; and (2) complete diversity. 28 U.S.C. §§ 1331, 1332(a). Because Plaintiff does not assert a federal claim pursuant to § 1331, only diversity of citizenship under § 1332(a) is at issue in this case. Section 1332(a)(1) vests federal courts with jurisdiction over actions where there is complete diversity of citizenship among the parties and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)(1). "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Title 28 U.S.C. § 1441 is "strictly construe[d] . . . against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Id.* at 566. Title 28 § 1447(c) mandates remand of claims that do not "arise under" federal law and where no diversity of citizenship exists. *See Int'l Primate Prot. League v. Adm'rs of Tulane Ed. Fund*, 500 U.S. 72, 87 (1991).

        1.     Amount in Controversy

The Ninth Circuit has stated that in removal cases "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In other words, the removing party "need[s] to provide evidence establishing that it is more likely than not that the

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 12-06083 SJO (VBKx)          DATE:  October 4, 2012

amount in controversy exceeds that amount."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citation and internal quotation marks omitted).  Here, the Court deals with removal where Plaintiff seeks general damages.  The amount is not facially evident from the Complaint.  (*See* Compl.)  Thus, Defendant must prove it is more likely than not that the amount in controversy exceeds $75,000.

Here, Defendant has failed to provide sufficient evidence demonstrating that the amount at issue exceeds $75,000.  Defendant's only reference to a monetary figure is to Plaintiff's assertion that the buses in question cost $1,305,000 (Notice ¶¶ 7, 9.); but the purchase price is not equivalent to damages, and Plaintiff does not request $1,305,000 in damages in its complaint, or any measurable equivalent thereof.  (*See* Compl.)  Instead, Plaintiff generally requests economic, compensatory, and liquid damages without stating a monetary figure.  (Compl.)

Furthermore, Defendant provides no additional evidence to demonstrate that the amount in controversy exceeds $75,000.  Instead, Defendant argues that the purchase price is "an accurate barometer of the baseline level of money damages" and proffers no proof in support of its claim.  (Notice ¶ 9.)  Defendant states that Plaintiff's business losses "must be assumed to exceed the jurisdictional minimum in and of themselves."  But this is conjecture, and does not qualify as evidence.  To carry its burden of proving the amount in controversy, a defendant must prove "the *underlying facts* supporting its assertion that the amount in controversy exceeds [the jurisdictional minimum]."  *Gaus*, 980 F.2d at 567 (emphasis in original).  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson*, 319 F.3d at 1090-91.  Defendant here provides no underlying facts that might go to show damages resulting from the alleged deficiencies, instead relying on assumptions and argument.

Because Defendant fails to prove by a preponderance of the evidence that the amount in controversy is satisfied, the Court does not have subject matter jurisdiction over this matter.  The case must therefore be remanded.

III.     RULING

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of California, County of San Luis Obispo.

IT IS SO ORDERED.